**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHANEIKA HOBBS, by and through
her parent and guardian; JACQUELINE
CAMPER,
<u>Plaintiffs-Appellees,</u>

v.

WENDELL C. TRAVERS, individually,
and in his official capacity as

Hurlock Police Chief,
<u>Defendant-Appellant,</u>

and

TOWN OF HURLOCK; DONALD
BRADLEY, in his official capacity as
Mayor of the Town of Hurlock,
<u>Defendants.</u>

No. 95-3207

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-94-2610-H)

Argued: September 24, 1996

Decided: November 26, 1996

Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit
Judge, and HALLANAN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel Karp, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellant. Elliott Denbo Andalman, SILBER, ANDALMAN, PERLMAN & FLYNN, Takoma Park, Maryland, for Appellees. **ON BRIEF:** Denise Ramsburg Stanley, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellant. Deborah A. Jeon, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MARYLAND, Centreville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

During the evening of March 15, 1994, in Hurlock, Maryland, Shaneika Hobbs, the Appellee, a fifteen-year-old juvenile, was a passenger in the car of a family acquaintance, Derrick Wongus. Unbeknownst to Hobbs, the Appellant, Wendell C. Travers [1] had previously been informed that "Derrick Wongus in a red oldsmobile" was suspected of drug activity by the Dorchester County Narcotics Task Force. Thus, Travers called police officer, Sergeant James A. Camper, and ordered Sgt. Camper to "check out" the red Oldsmobile.

As instructed, Sgt. Camper arrived a few minutes later, approached Wongus's car, and announced that he had received an "anonymous tip" [2] about drug activity in the area. Camper then asked Wongus "what was going on" to which Wongus replied "nothing." [3] Camper then said "if

_____

[1] Travers is the Chief of Police for Hurlock, Maryland.
[2] Travers and Camper now concede that this "tip" was not anonymous, but rather, an order from Travers.
[3] Travers maintains that seven or eight other young males were congregating around the passenger side of Wongus's car.

2

nothing's going on then would you mind leaving because you're drawing a crowd here."

Wongus declined to leave. Subsequently, two more Hurlock police officers arrived, and one of them requested permission from Wongus to search Wongus's car. Wongus consented and during the search the police found a vial, under the driver's seat, containing .4 grams of a substance suspected to be cocaine, which later field tested positive for cocaine.[4] As a result, the police placed Wongus under arrest and patted him down. During the frisk, the police found 1.2 grams of suspected marijuana[5] in Wongus' pants pocket, a pager and cash in the amount of $899. After Wongus's arrest, the police patted down the other male bystanders on the scene but no contraband was found. After he finished gassing up his vehicle, Travers arrived on the scene and ordered the bystanders to leave.

Hobbs, however, was neither patted down nor released. Instead, Travers and/or Sgt. Camper instructed Hobbs to get into the back seat of Camper's unmarked vehicle, and informed her that because she was a female, she was being taken into custody and would be transported to the Hurlock police station where a female police officer would conduct the patdown. During this time, Hobbs was not placed under formal arrest nor informed of her rights.

Once Hobbs arrived at the police station, Cadet Lisa Phillips, upon orders from Camper, conducted a strip search, including a visual body cavity search. The strip search required Hobbs to bend over and to spread her buttocks so that Phillips could examine her anus and vagina, to lift her breasts, and to surrender her underwear for inspection. No contraband was found. Cadet Phillips also accompanied Hobbs to the bathroom, watched Hobbs urinate, and inspected Hobbs' urine before flushing the toilet. Again, no contraband was found. Thereafter, after speaking with Officer Vernon Murray from the Dorchester Narcotics Task Force, Hobbs was released. No charges were ever brought against Hobbs.

_____

[4] A magazine clip for an automatic weapon was also found in the car.

[5] The substance field tested positive for marijuana.

On September 21, 1994, Hobbs filed suit against the Town of Hurlock, its Police Chief, Wendell C. Travers, and its Mayor, Donald Bradley, asserting claims under 42 U.S.C. § 1983 and state law. Travers has been sued individually and in his official capacity as Hurlock's police chief; Bradley has been sued only in his official capacity as Hurlock's Mayor.

On December 14, 1994, the district court, upon the defendants' motion, dismissed Counts V and IV with respect to the Town of Hurlock. On November 27, 1995, the district court granted summary judgment in favor of all defendants on all counts except Hobbs' claim against Travers in his individual capacity (Count I- Supervisor Liability).

We have reviewed all of the arguments raised by the parties in their briefs and at oral argument. For the reasons sufficiently expressed in the thorough opinion of the district court, particularly because there was a dispute of facts concerning the conduct and reasonableness of the search of Hobbs rendering summary judgment inappropriate, we affirm. Hobbs v. Travers, Civil No. H-94-2610 (D.Md. Nov. 27, 1995).

AFFIRMED

4